# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TEODORO ROSAS-HERRERA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | 1:11CR160-1<br>1:13CV1103 |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This Court (per United States District Judge Thomas D. Schroeder) entered judgment against Petitioner imposing, inter alia, a 71-month term of imprisonment, as a result of his guilty plea to illegal presence in the United States following deportation after conviction for an aggravated felony in violation of 8 U.S.C. § 1326(a) & (b)(2). (Docket Entry 16; see also Docket Entries dated Oct. 11, 2011, and Feb. 10, 2012 (minute entries documenting plea and sentencing hearings).)[1] The Fourth Circuit affirmed. United States v. Rosas-Herrera, 499 F. App'x 249 (4th Cir. 2012), cert. denied, ___ U.S. ___, 133 S. Ct. 1303 (2013). Petitioner thereafter commenced this action by filing a pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Section 2255 Motion"). (Docket Entry 28.) The United States

---

[1] Parenthetical citations refer to Petitioner's criminal case.

responded (Docket Entry 32) and Petitioner replied (Docket Entry 34). For the reasons that follow, the Court should deny relief.

Petitioner's Section 2255 Motion asserts two grounds for relief: 1) "Tainted and False Testimony by Officers" (Docket Entry 28, ¶ 12(A)); and 2) "Varying Upward as an Enhancement of Sentence Was Illegal" (id., ¶ 12(B)). In connection with Ground One, the instant Motion alleges these "Supporting FACTS":

> Was detained and then arrested by officers under false pretenses and racially profiled. Officers where [sic] using their positions as peace officers to possibly gain monetary gains and randum [sic] stop of [Petitioner] was not justified violating [his] 4th Amendment [rights].

(Id., ¶ 12(A).)[2] Petitioner, through counsel, unsuccessfully litigated a Fourth Amendment challenge to his detention in this Court and on appeal. See Rosas-Herrera, 499 F. App'x at 252-53. He cannot re-litigate that matter via his Section 2255 Motion. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). To the extent Ground One alleges a Fourteenth Amendment claim for racial profiling (or any other constitutional claim not encompassed within the Fourth Amendment claim litigated on direct appeal), such claim "is vague, conclusory, speculative, and unsupported and fails for all of these reasons," Cabrera v. United States, Nos. 1:09CR323-1, 1:12CV695, 2014 WL 6386902, at *9 (M.D.N.C. Nov. 14, 2014) (unpublished) (Osteen, Jr., C.J.); see also United States v.

---

[2] Petitioner's reply does not address Ground One and thus does not provide any factual matter on point. (See Docket Entry 34.)

Dyess, 730 F.3d 354, 359 (4th Cir. 2013) ("[A] habeas petition is expected to state facts that point to a real possibility of constitutional error. . . . Thus, vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." (internal quotation marks omitted)); Whitley v. United States, Nos. 1:03CR445, 1:12CV67, 2014 WL 4443295, at *6 n.1 (M.D.N.C. Sept. 9, 2014) (unpublished) (recommendation of Webster, M.J., adopted by Beaty, S.J.) ("Unsupported, conclusory allegations do not warrant an evidentiary hearing, much less relief. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999).").

In support of Ground Two, Petitioner's Section 2255 Motion alleges that "[the] Presentence Report calculated a Guideline range of 46 to 57 months imprisonment. Judge [Schroeder] varied upward to 71 months in direct violation of jurisdiction due to [the facts relied upon to support the variance] not being given to a jury or part of [Petitioner's] indictment." (Docket Entry 28, ¶ 12(B).) Petitioner's reply clarifies that he "feels [the upward variance by Judge Schroeder] is contrary to the Supreme Court's decision in Alleyne v. United States, [___ U.S. ___,] 133 S. Ct. 2151 (2013)." (Docket Entry 34 at 1 (internal parallel citation omitted).) Ground Two fails for reasons well-explained by another court in an analogous case in which a petitioner argued that "the upward

3

variance applied by the district court was unconstitutional under Alleyne," United States v. Suarez, 575 F. App'x 463, 463 (5th Cir. 2014):

> [The petitioner's] Alleyne claim is without merit. Even assuming arguendo that Alleyne is retroactively applicable, the record shows that there was not an Alleyne violation in this case. In Alleyne, the Supreme Court held that any fact that increases a defendant's mandatory minimum sentence must be submitted to a jury to be proved beyond a reasonable doubt. Alleyne, [___ U.S. at ___,] 133 S. Ct. at 2163. If a defendant is not exposed to a statutory minimum sentence, Alleyne is inapplicable. United States v. Tuma, 738 F.3d 681, 693 (5th Cir. 2013). In the present case, the sentencing court did not apply a statutory minimum sentence. Accordingly, Alleyne is inapplicable, and [the petitioner's] claim is without merit.

Id. at 464 (emphasis added).

In sum, Petitioner's claims do not warrant collateral relief.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Docket Entry 28) be denied without issuance of a certificate of appealability.

                                             /s/ L. Patrick Auld
                                             **L. Patrick Auld**
                            **United States Magistrate Judge**

January 15, 2015